IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CYNTHIA JOHNSON** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. 4:21-CV-158-Y |
| **STATE FARM LLOYDS** | § § § | |
| *Defendant* | | |

# PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT STATE FARM LLOYDS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Cynthia Johnson ("Plaintiff") files this her Brief in Opposition to Defendant State Farm Lloyds' Motion for Partial Summary Judgment and its Brief in Support of its Motion for Partial Summary Judgment [Document Numbers 45 and 46] and, in support thereof, Plaintiff respectfully provides the Court with the following information, analysis, and authorities:

I.

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ……………………………………………………………..1-2

**INDEX OF AUTHORITIES** ……………………………………………………………2-3

**SUMMARY OF ARGUMENT** …………………………………………………….. 3-6

**STANDARD OF REVIEW** ……………………………………………………………… 7-10

**ANALYSIS, ARGUMENT AND AUTHORITIES** ……………………………………10-15

**CONCLUSION** …………………………………………………………………….. 15

**PRAYER** ……………………………………………………………………………………..16

**CERTIFICATE OF SERVICE** …………………………………………………………… 17

## II.

## INDEX OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc*.
    477 U.S. 242, 248-249 (1986) …………………………………………………….. 7,8,13

*Broxterman v. State Farm Lloyds*
    2016 WL 482882 at *2 (EW.D. Tex. 2016) …………………………………………10

*D.R. Horton-Tex., Ltd. V. Markel Int'l Ins. Co.*
    300 S.W.3d 740, 743 (Tex. 2009) ……………………………………………………..8

*In re: Farmers Tex. Co. Mut. Ins. Co.*
    621 S.W.3d 261, 270, n.3 (Tex. 2021) ……………………………………………. 7,8

*Infinity Co. Mut. Ins. Co. v. Tatsch*
    617 S.W.3d 614, 617 (Tex. App. – San Antonio 2020, pet. for rev. filed March 09, 2021)
    ……………………………………………………………………………………………. 8

*Jasso v. State Farm Lloyds*
    2018 WL 2323290 at *1 (S.D. Tex. 2018) ………………………………………….7,9,13

*Jaw the Pointe v. Lexington Ins. Co.*
    460 S.W.2d 597, 603 (Tex. 2015) ………………………………………………….. 5

*Mid-Century Ins. Co. v. Boyte*
    80 S.W.3d 546,549 (Tex. 2002) ……………………………………………………..5

*Republic Ins. Co. v. Stoker*
    903 S.W.2d 338, 340 (Tex. 1995) …………………………………………………...9

*Scott v. Harris*
    550 U.S. 372, 378 (2007)………………………………………………………... 7

*State Farm Lloyds v. Nicolau*
    951 S.W.2d 444, 448 (Tex. 1997) …………………………………………………  10, 14

*State Farm Lloyds v. Webb*
    2017 WL 1739763 at *8 (Tex. App. – Beaumont, 2017) ………………………….  9

*State Farm Mutual Automobile Association v. Cook*
    591 S.W2d 677, 680 (Tex. App. – San Antonio, 2019) ……………………………. 4,5,15

*Thompson v. Zurich American Ins. Co.*
    664 F.3d 62, 67 (5th Cir. 2011) ………………………………………………………… 9,10

*Tolan v. Cotton*
    572 U.S. 650, 656 (2014) ………………………………………………………………… 7,8

*Trent v. Wade*
    776 F.3d 368, 377 (5th Cir. 2015) ………………………………………………………….. 8

*Universal Life Insurance Company v. Giles*
    950 S.W.2d 48, 56 (Tex. 1997) ………………………………………………… 3,4,5,9,10,12,13

*USAA Tex. Lloyds Co. v. Menchaca*
    545 S.W.3d 479, 488 (Tex. 2018) …………………………………………………………. 8

## **SUMMARY OF ARGUMENT**

Defendant State Farm Lloyds' Motion for Partial Summary Judgment should be denied by this Court for the following reasons.

1.    First, Defendant State Farm Lloyds' brief fails to accurately discuss the actual standards for extracontractual damages for bad faith in Texas and utilizes case law for propositions whose meanings have now been further clarified by the Texas Supreme Court in *Universal Life Insurance Company v. Giles*, 950 S.W.2d 48 (Texas 1997). *Giles* was cited by Defendant in its Motion for Partial Summary Judgment but *Giles*' meaning has been mischaracterized by the Defendant in its pleading to this Court.

2.    Second, according to *Giles*, whether a Defendant insurance company (such as the current Defendant, State Farm Lloyds) breached its duty of good faith and fair dealing remains an issue of fact for a jury and is not a question of law for the Court. *Giles*, 950 S.W.2d at 48, 56. According to the Texas Supreme Court:

> ***We therefore hold that whether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder.***  Treating the issue as one of law would undeniably expand this Cout's ability to overturn bad-faith judgments.  We do not believe, however, that the difficulty of no-evidence review in bad faith cases could possibly justify this judicial sleight-of-hand to circumvent the constraints our Constitution imposes upon this Court.

*Giles*, 950 S.W.2d at 56.

3.  Third, because the Plaintiff has requested a trial by jury in this matter, and the Texas Supreme Court rejected "the suggestion that whether an insurer's liability has become reasonably clear presents a question of law for the court rather than a fact issue for the jury" in *Giles*, and by filing the Motion for Partial Summary Judgment currently before this Court, Defendant is improperly attempting to usurp the job of the ultimate fact-finder in this case, the jury, by seeking a partial summary judgment on bad faith to which it is not entitled.  *Giles,* 950 S.W.2d at 56.

4.  Fourth, in *Giles*, the Texas Supreme Court further recognized that the "Texas Constitution confers an exceptionally broad jury trial right upon litigants," which would be violated if this Court were to grant the Defendant's current Motion for Partial Summary Judgment currently before this Court.

5.  Fifth, according to *State Farm Mutual Automobile Association v. Cook*, "an insurance company [such as the Defendant, State Farm Lloyds] owes its insured a duty of good faith and fair dealing. *State Farm Mutual Automobile Association v. Cook*, 591 S.W2d 677, 680 (Tex. App. – San Antonio, 2019).  According to *Cook*, "A breach of the duty of good faith and fair dealing may give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract." *Id.*  As set forth in more detail herein, Plaintiff's evidence reflects that the Defendant breached its duty of good faith and fair dealing, and therefore, there is a separate

and independent cause of action, in direct contravention of Defendant's allegations in its current Motion for Partial Summary Judgment.

6.      Sixth, according to the Texas Supreme Court in *Giles*, "An insurer acts in bad faith when it fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." *Giles*, 950 S.W.2d at 56. Furthermore, under the "reasonably clear standard, 'an insurer will be liable if the insurer knew or should have known that it was reasonably clear that the claim was covered.'" *Cook*, 591 S.W.2d at 680.   According to the Texas Supreme Court, "the statutory standard [of bad faith under the Texas Insurance Code] is identical to the common-law bad faith standard." *Mid-Century Ins. Co. v. Boyte*, 80 S.W.3d 546,549 (Tex. 2002).  In the Plaintiff's case, Plaintiff's roof damage was clearly caused by wind from a hailstorm (which are typically accompanied by high winds), and therefore would not fall under the "Cosmetic Damage" exclusion, which applies only to hail damage under the Plaintiff's Policy with the Defendant.

7.      Seventh, in this case, Defendant, not Plaintiff, must prove that a Policy Exclusion (here, the Cosmetic Damage Exclusion) applies.   According to the Texas Supreme Court in *Jaw the Pointe v. Lexington Ins. Co.*, "In a suit to recover under an insurance . . . contract, the insurer . . . has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded. Language of exclusion in the contract . . . constitutes an avoidance or an affirmative defense." *Jaw the Pointe v. Lexington Ins. Co.*, 460 S.W.2d 597, 603 (Tex. 2015) (citing Tex. R. Civ. P. 94).   Defendant cannot meet its burden to prove that the Cosmetic Damage Exclusion applies in this matter, as Plaintiff has documented wind damage to her roof, as set forth in her expert's reports and in the photographs of her Storm damage, which

prevented this Court from completely granting the Defendant's first Motion for Summary Judgment, which related only to hail damage.

In this case, the misapplication of a Policy Exclusion by Defendant to partially (almost completely) deny the Plaintiff's claim is a fact issue concerning bad faith that is appropriately decided by a jury, not this Court. Whether the Defendant inappropriately partially denied the claim based upon a Policy exclusion that does not apply is a fact question for the jury. Plaintiff and her experts have asserted that wind from the hailstorm, not hail, damaged Plaintiff's roof, and wind damage does not fall under the explicit wording of the Policy's Cosmetic Damage Exclusion, which only applies to hail damage. Thus, whether or not the Defendant breached its duty of good faith and fair dealing and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim (aka, "bad faith") is a fact issue only relevant to the ultimate fact-finder in this matter, the jury, not this Court.

8. Eighth, in this case, Defendant cannot show that it conducted a reasonable investigation of the Plaintiff's claim, as Defendant conducted an outcome-oriented investigation of Plaintiff's claim and ignored documented and obvious wind damage to Plaintiff's roof, which was acknowledged by the Court in its Order denying a portion of Defendant's First Motion for Summary Judgment. [Document 19, p. 6 of 7]. As this Court acknowledged, "The policy only limits coverage for hail damage to when hail penetrates the roof; it does not have the same limitation for wind-damage coverage . . . . State Farm has not shown that all the damage that Johnson alleged occurred to her roof was a result of hail and therefore, within the policy exclusion." [Document 19, p. 6 of 7]. Plaintiff's expert, Michael Ogden, documented Plaintiff's obvious wind damage to her roof in the photo report within his expert report, specifically, photographs 10 – 40, especially photographs 18, 19, 33, 34, and 38.

## **EVIDENTIARY STANDARD FOR SUMMARY JUDGMENT**

9. Rule 56 of the Federal Rules of Civil Procedure applies to Motions for Summary Judgment. FED. R. CIV. P. 56(a). Summary judgment under that rule is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Jasso v. State Farm Lloyds*, 2018 WL 2323290 at *1 (S.D. Tex. 2018). According to the United States Supreme Court, "A fact is material if it might affect the outcome of the lawsuit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine if a reasonable jury could return a verdict for the on-moving party." *Id.* Thus, summary is judgment is proper only if, under the governing laws, there is only one reasonable conclusion as to the verdict . . . [but] If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249.

10. In a summary judgment, the movant bears the initial burden of providing the Court with both the proper legal basis for the motion as well as "identifying those portions of the record which demonstrate the absence of a genuine issue of material fact . . . [and] The burden then shifts to the resisting party to present affirmative evidence to defeat the motion." *Anderson*, 477 U.S. at 257. According to the United States Supreme Court in *Scott v. Harris*, "All facts and inferences drawn from those facts must be viewed in light favorable to the party resisting the motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 378 (2007).

11. Moreover, in *Tolan v. Cotton*, the United State Supreme Court reiterated that:

> [C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment ... This … is simply an application of the more general rules that a 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' *Anderson*, 477 U.S. at 249. Summary is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.' Fed. R. Civ. Proc. 56(a). In making that determination, a court must view the evidence 'in the light most

favorable to the opposing party.' … see also *Anderson, supra,* at 255.

*Tolan v. Cotton*, 572 U.S. 650, 656 (2014). See also *Trent v. Wade*, 776 F.3d 368, 377 (5th Cir. 2015) ("[W]e 'may not resolve genuine disputes of fact in favor of the party seeking summary judgment' *Tolan*, 134 S.Ct. at 1866.")

12. With regard to construing the breach of contract of an insurance policy context, the Texas Supreme Court recently reiterated the standard for construing insurance policies in *In re: Farmers Tex. Co. Mut. Ins. Co.*:

> 'An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed,' and we generally 'construe a policy using the same rules that govern the construction of any other contract.' *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018) … 'In liability insurance policies generally, an insurer assumes … the duty to indemnify the insured, that is, to pay all covered claims … subject to the terms of the policy.' *D.R. Horton-Tex., Ltd. V. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009).

*In re: Farmers Tex. Co. Mut. Ins. Co.*, 621 S.W.3d 261, 270, n.3.

13. When construing an insurance policy, "[Courts] 'focus on the plain language of the policy and give the words and phrases their ordinary and generally accepted meaning, unless otherwise specified.' [and] 'The words and phrases are read in context of the policy as a whole, giving effect to all of the words and provisions so none is rendered meaningless.'" *Infinity Co. Mut. Ins. Co. v. Tatsch*, 617 S.W.3d 614, 617 (Tex. App. – San Antonio 2020, pet. for rev. filed March 09, 2021).

14. Moreover, according to *Tatsch*, "'Language that can be given a certain or definite meaning is not ambiguous, and is construed as a matter of law.'" *Id*. at 617.

15. According to the Texas Supreme Court in *Giles*, "People generally buy insurance to protect against risks that they cannot easily afford to pay." According to the Court, the State of Texas is "in the mainstream in recognizing a bad-faith tort in the context of first-party claims." *Giles*, 950 S.W.2d at 52.

16. In *Republic Ins. Co. v. Stoker*, the Texas Supreme Court acknowledged that "[a]n insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995).

17. According to *Jasso v. State Farm Lloyds*, "An insurer will be liable for bad faith if the insurer denies or delays payment on a claim when, at the time of the coverage assessment, 'the insurer knew or should have known that it was reasonably clear that the claim was covered.'" *Jasso*, 2018 WL 2323290 at *2 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)).

18. Moreover, "An insurer's failure to reasonably investigate a claim may also constitute a breach of the duty of good faith and fair dealing." *Jasso*, 2018 WL 2323290 at *2.

19. Furthermore, according to the Texas Supreme Court, "An insurer's mere mistake in erroneously denying a claim does not constitute bad faith." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

20. To determine whether an insurance company "had a reasonable basis to deny or delay a claim, the court must 'review facts available to the insurer at the time of the denial.'" *State Farm Lloyds v. Webb*, 2017 WL 1739763 at *8 (Tex. App. – Beaumont, 2017).

21. Courts shall apply "an objective standard to determine whether the insurer's decision was reasonable." *Thompson v. Zurich American Ins. Co.*, 664 F.3d 62, 67 (5th Cir. 2011). This application of an objective standard "requires the court to determine whether the insurer's decision was reasonable." *Id.*

22. According to the Court in *Broxterman v. State Farm Lloyds*, "Texas law holds that extra-contractual tort claims pursuant to the Texas Insurance Code require the same predicate for

recovery as a bad faith claim under a good faith and fair dealing violation." 2016 WL 482882 at *2 (EW.D. Tex. 2016).

23. According to the Texas Supreme Court, "Factual disputes regarding whether an insurer reasonably denied or delayed payment on a claim must ordinarily be resolved by a jury." *Giles,* 950 S.W.2d 48, 56 (Tex. 1997).

24. Moreover, the Texas Supreme Court clarified the jury's role in *State Farm Lloyds v. Nicolau*: "[A] jury must ordinarily determine: (1) whether an insurer reasonably relied upon an expert's report in denying or delaying payment on a claim . . . [and] (2) whether the [party's] expert report was objectively prepared." 951 S.W.2d 444, 448 (Tex. 1997).

25. "A court may decide whether an expert's report was objectively prepared or whether the insurer reasonably relied upon that report, as a matter of law, if the insured fails to produce evidence calling the expert's report or the insurer's reliance into question." *Thompson v. Zurich American Ins. Co*., 664 F.3d 62, 67 (5th Cir. 2011).

26. In order for an insured to avoid a summary judgment on a bad faith claim, an insured "must 'bring direct or circumstantial evidence or circumstantial evidence' showing that the expert opinion of the insurer 'was questionable and that the carrier knew or should have known that the opinion was questionable.'" *Thompson v. Zurich American Ins. Co*., 664 F.3d 62, 67 (5th Cir. 2011).

### ANALYSIS, ARGUMENT AND AUTHORITIES

27. In this case, documentary evidence including but not limited to photographs attached to the Plaintiff's expert report from Michael Ogden clearly reflect that there is a genuine issue of material fact as to whether the Defendant wrongfully denied Plaintiff's claim for roof damage caused by wind damage from the reported hail/windstorm.

28.     Specifically, photograph numbers 10-40 in Mr. Ogden's report (specifically, photographs 18, 19, 33, 34, and 38), as well as the substance of Mr. Ogden's conclusions in the report, reflect that the Plaintiff sustained wind damage to her roof, which would not trigger the "Cosmetic Damage Exclusion" for hail damage under the Policy, and yet, Defendant attempts to utilize that Exclusion which applies only to hail not wind damage, to unlawfully justify its denial of the portion of her claim for her roof damage, claiming that the exclusion applies because Defendant (self-servingly) claims all of her roof damage was due to hail and not wind.  However, Plaintiff disputes Defendant's exclusion of her roof damage and argues that her roof damage was caused by wind, not hail, and would, therefore, be covered under the Policy.  See **Exhibit A**, Plaintiff's Expert Report or Michael Ogden with Photo Report, attached hereto and incorporated herein.  See **Exhibit B**, Policy, attached hereto and incorporated herein. See **Exhibit C**, Photo Report of Britt Elliott, Plaintiff's Public Adjuster, attached hereto and incorporated herein.

29.     Furthermore, photographic evidence shows uplifted roof panels, lifted roof fasteners, and water damage beneath the roof fasteners raised on the roof due to wind damage.  See **Exhibit A**, photographs 18, 19, 33, 34, and 38 in the photo report, and **Exhibit C**. In fact, in his photo report, the Plaintiff's Public Adjuster, Britt Elliott, documented the Plaintiff's interior leaks which directly correspond with the wind-damaged roof fasteners, which created roof openings that caused the leaks (See captions under Mr. Elliott's photographs of Plaintiff's damage).

30.     In its brief in support of its Motion for Partial Summary Judgment currently at issue, Defendant cites the Plaintiff's response to a Request for Admissions concerning storm-created openings.  However, Plaintiff's answer on this matter is irrelevant given that Plaintiff is not an expert of any kind on the issue of roofing, construction, etc.  In essence, Defendant's Request for Admission on that issue was extremely (1) self-serving, and (2) inappropriate, as whether or not a

storm created opening was created by the Storm was an issue for the Plaintiff's expert, not the Plaintiff herself.

31. Furthermore, in its Motion for Partial Summary Judgment, Defendant State Farm Lloyds justifies its partial denial[1] of Plaintiff's claim based upon its expert's report, which argues that Plaintiff's roof damage was due to a poorly installed roof, and not wind damage due to the Storm identified by Plaintiff in her pleadings as having caused the damage at issue in this matter.  See **Exhibit D**, Defendant's Expert (Eric Moody) Report, attached hereto and incorporated herein.

32. Despite the Plaintiff's photographic evidence, which clearly shows wind damage, which would not fall under the Cosmetic Damage Exclusion, which only relates to Hail Damage, reflects that Defendant, State Farm Lloyds, acted in bad faith pursuant to the case law cited herein. According to the Texas Supreme Court in *Giles*, "***Factual disputes regarding whether an insurer reasonably denied or delayed payment on a claim must ordinarily be resolved by a jury***." *Giles,* 950 S.W.32d 48, 56.

33. Furthermore, in this Court's Order [**Doc. 19**] partially denying Defendant's first Motion for Partial Summary Judgment, this Court clearly indicates an understanding that the purported exclusion on which Defendant's denial is based relates only to hail damage, <u>and not wind damage</u>.

34. Thus, pursuant to the case law cited herein on motions for summary judgment, any evidence that Plaintiff provides of wind damage shall defeat the Defendant's Motion for Summary Judgment.  Plaintiff's Exhibits A and C, which provide photographic evidence of Plaintiff's wind damage from the storm at issue in this case, provide sufficient evidence under both *Jasso v. State*

---

[1] Plaintiff refers to Defendant State Farm Lloyds' "partial denial" because Defendant paid a minimal amount of approximately $200 <u>in total</u> on Plaintiff's claim, thus severely undervaluing Plaintiff's claim because Defendant completely denied the roof portion of Plaintiff's claim.

*Farm Lloyds* and *Anderson v. Liberty Lobby, Inc.* for this Court to deny the instant Motion for Partial Summary Judgment.

35. With regard to the documentary (photographic) evidence in this case, at best, Plaintiff's evidence set forth herein shows that Plaintiff, not Defendant, is entitled to summary judgment. At worst, Plaintiff's evidence herein shows that there is a genuine dispute for which Defendant is not entitled to the instant Motion for Partial Summary Judgment.  Either way, Defendant is not entitled to the instant Motion for Partial Summary Judgment.

36. The differences in expert opinions between the Defendant's and Plaintiff's experts, as well as the Plaintiff's photographic evidence, as to whether the Plaintiff's damage was wind-related or hail-related (and therefore, would be subject to the Cosmetic Damage Exclusion) is a fact issue that under *Giles* and its progeny that should be resolved by the fact-finding mission of a jury, not this Court.

37. Furthermore, in paragraph 21 of its Brief in Support of its Motion, Defendant asserts that "Evidence showing only a bona fide coverage dispute does not, standing alone, demonstrate bad faith."  However, what Defendant does not include in its Brief is the Court's content clarifying the limitations of that comment:

> But we have never held that the mere fact that an insurer relies upon an expert's report to deny a claim automatically forecloses bad faith recovery as a matter of law. Instead, we have repeatedly acknowledged that an insurer's reliance upon an expert's report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable . . . Courts of appeals have likewise held, in similar circumstances, that evidence casting doubt on the reliability of the insurer's expert's opinions may support a bad-faith finding.

*State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 ((Tex. 1997).

38. In this case, in its brief, Defendant State Farm Lloyds, the same company whose bad faith finding by the jury was reinstated by the Texas Supreme Court in *Nicolau*,[2] would have this court believe that Plaintiff's testimony that "no one from State Farm ever told [me] anything [I believe] was a lie" [Doc. 46, paragraph 9] is evidence that State Farm Lloyds did not commit bad faith in its denial of her roof claim is absurd, given that Ms. Johnson is not an attorney and does not (and would not) know what misrepresentations would constitute a misrepresentation under the Texas Insurance Code. Defendant's argument on this issue is preposterous and self-serving in Defendant State Farm Lloyds' attempt to frame this dispute as a "bona fide dispute" for which bad-faith damages would be unavailable.

39. Defendant State Farm Lloyds' reliance on Defendant's expert, Eric Moody's, opinion that "there was no storm damage to the property arising from the Mary 7, 2020 hailstorm, and the water infiltration was the 'result of various deficiencies in the roof, but they're not the result of severe weather" is likewise suspect and self-serving, as a layperson can view the pictures of lifted roof fasteners and determine that the expert's testimony on this issue is nothing more than self-serving testimony to protect the Defendant and to manufacture a "bona fide dispute" for which bad-faith damages would be unavailable.

40. In its Brief in Support of its Motion for Partial Summary Judgment, Defendant asserts a variety of purported deficiencies in Plaintiff's expert's testimony to support its Motion for Partial Summary Judgment, but even if there are deficiencies in Plaintiff's expert's testimony, such deficiencies would go to the weight of that expert's testimony, not its admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citing *Daubert*, 509 U.S. at 596: "Vigorous cross-

---

[2] "We conclude that the Nicolaus should recover on their bad faith claim." *State Farm Lloyds v. Nicolau*, 951 S.W.2d at 453.

**14 |** P a g e

examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.")  Thus, any purported deficiencies of Michael Ogden's testimony should not and cannot be used by this Court to grant the Defendant's Motion for Partial Summary Judgment.

41. Defendant's assertion in paragraph 24 of its Brief in Support of its Motion for Partial Summary Judgment that "The extent to which the property was damaged by wind or hail as a result of the May 7, 2020 storm . . . is a matter that should be submitted to the jury in this case on the breach of contract action" [and] "it does not give rise to an independent tort or damages separate and apart from the denial of Policy benefits" is untrue. According to *State Farm Mutual Automobile Association v. Cook*, "A breach of the duty of good faith and fair dealing may give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract." *State Farm Mutual Automobile Association v. Cook*, 591 S.W2d 677, 680 (Tex. App. – San Antonio, 2019).

## CONCLUSION

42. For the reasons set forth herein, this Court should deny Defendant's Motion for Partial Summary Judgment at issue in this matter because Plaintiff has provide sufficient evidence to show there is a genuine issue of material fact as to whether Defendant acted properly in its handling of her claim and if this Court were to grant said motion, the ultimate fact finder's (the jury's) role in this matter pursuant to both the Texas Constitution and the case law cited herein would be improperly usurped.

## **PRAYER**

For the reasons set forth herein, Plaintiff, Cynthia Johnson, prays that this Court deny Defendant's Motion for Partial Summary Judgment and for any other relief to which the Plaintiff is justly entitled.

> BY: /s/ *Shaun W. Hodge*
> Shaun W. Hodge
> Texas Bar No. 24052995
> shodge@hodgefirm.com
> The Hodge Law Firm, PLLC
> 1301 Market Street
> Galveston, Texas 77550
> Telephone: (409) 762-5000
> Facsimile: (409) 763-2300
>
> ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served on all counsel of record on December 14, 2022.

Elizabeth Sandoval Cantu
ecantu@ramonworthington.com
efile@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Telephone:  956-294-4804
**OF COUNSEL:**
Sarah A. Nicolas
snicolas@ramonworthington.com
Stephen W. Bosky
sbosky@ramonwortington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Telephone:  956-294-4804

ATTORNEYS FOR DEFENDANT

/s/ *Shaun W. Hodge*
Shaun W. Hodge