```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

| | | |
|---|---|---|
| CYNTHIA JOHNSON | § | |
| | § | |
| VS. | § | ACTION NO. 4:21-CV-158-Y |
| | § | |
| STATE FARM LLOYDS | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before the Court is a motion for partial summary judgment (doc. 45) filed by defendant State Farm Lloyds ("SFL"). For the reasons set forth below, SFL's motion will be granted in part and denied in part.

### BACKGROUND

Plaintiff owns a lot in Willow Park, Texas, and on it is a structure that has a metal roof insured by SFL under an insurance contract ("the Policy"). Plaintiff alleges that a wind and hail storm damaged the property, so she submitted a claim to SFL for the dollar amount of the damage. But SFL denied coverage except to the extent of $245.01. Plaintiff then hired a third-party inspector to assess the damage, who found more damage than SFL's inspector had reported.

Based on SFL's denial of coverage and the conflicting property-damage reports, Plaintiff sued SFL, claiming that SFL

wrongfully denied, or alternatively, underpaid, her claims. Specifically, Plaintiff asserts that SFL's failure to adequately compensate her for her damages constitutes a breach of contract and fraud, as well as violations of (1) the Texas Insurance Code's unfair-settlement provisions, (2) the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and (3) the common-law duty of good faith and fair dealing. The Court has granted partial summary judgment against Plaintiff as to her allegations of covered hail damages because of an exclusion in the Policy that precludes such recovery. But the Court's summary judgment does not preclude Plaintiff's recovery of damages caused by wind.

SFL now moves for partial summary judgment as to all of Plaintiff's claims except her prompt-payment claim under Section 542.058 of the Texas Insurance Code and her breach-of-contract claim. Plaintiff has filed a second response to SFL's motion after the Court struck and unfiled her first due to its being riddled with inaccuracies and its incomprehensible nature. SFL's motion for partial summary judgment is therefore ripe for the Court's consideration.

## LEGAL STANDARD

Summary judgment is appropriate if the movant establishes, though the pleadings, affidavits, admissions on file, or other

admissible evidence, that there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A fact is "material" if it could change the outcome of the litigation. *Anderson*, 477 U.S. at 248. And a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* A court should view the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A court may grant summary judgment as to all or only some of the relevant claims. *See* FED. R. CIV. P. 56(a). A defendant moving for summary judgment on an affirmative defense must make a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the defendant; otherwise, there is a genuine issue of fact and summary judgment cannot be granted. *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 851 (N.D Tex. 2009) (Fish, J.).

**ANALYSIS**

SFL moves for summary judgment on five distinct issues: (1) the bad-faith claims,[1] (2) the misrepresentation claim,

---

[1] The Court notes that, outside of Plaintiff's claims for prompt payment and common-law fraud, her extracontractual claims, including unfair settlement

(3) the claim for exemplary damages, (4) the prompt-payment claims under Sections 542.055 and 542.056 of the Texas Insurance Code, and (5) SFL's affirmative defense of excessive demand, which would preclude Plaintiff's recovery of attorneys' fees. The Court will address each in turn.

## I. The bad-faith claims

First, SFL contends that it had a reasonable basis to deny Plaintiff's claim for damages to her roof purportedly caused by wind because of its reliance on its experts' reports and exclusions contained in the Policy that preclude coverage for hail damage, wear and tear, and other pre-existing damage. That would mean that, because SFL had some reasonable basis to deny Plaintiff's claim under the Policy, this is a bona-fide coverage dispute where the parties are unable to agree on the cause of the damage, which would negate bad faith on SFL's part and require summary judgment in its favor.

SFL is correct that Plaintiff lacks the requisite evidence to prove bad faith. Under Texas law, a plaintiff must prove the following elements to succeed on its common-law bad-faith claim:

---

practices (doc. 9, at 7–8), violations of the DTPA (*id.*, at 10), and a violation of the common-law duty of good faith and fair dealing (*id.*, at 9–10), all rely on the same predicate—bad faith on SFL's part throughout the claims-handling process. Accordingly, the Court refers to these claims as the bad-faith claims throughout the remainder of its order.

(1) a defendant committed an independent tort in the handling of the claim, (2) the defendant had no reasonable basis to deny the claim, and (3) the complained-of acts or omissions caused injury independent of those that would have resulted from the wrongful denial of policy benefits. *See Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55-56 (Tex. 1997). If a plaintiff makes similar statutory claims of bad faith under the Texas Insurance Code or DTPA that rely on the same facts, then success or failure of the common-law claim will affect the outcome on the statutory claims. *See, e.g.*, *JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:16-CV-0866, 2017 WL 4347683, at *4 (E.D. Tex. Sept. 29, 2017).

The focus of a bad-faith inquiry is on the reasonableness of the insurer's conduct in rejecting or delaying payment of the claim. *Giles*, 950 S.W.2d at 49. And this is determined by viewing the facts available to the insurer at the time of the claim's denial. *See Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990). However, if the insurer had *any reasonable basis* for denying coverage, then a claim of bad faith on the insurer's part will fail. *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 525 (5th Cir. 2015). A bona-fide dispute amongst expert witnesses alone is not evidence that an insurer acted in

bad faith. *See Thompson v. Zurich Am. Ins. Co.*, 664 F.3d 62, 67 (5th Cir. 2011).

In response to SFL's contention, Plaintiff primarily argues that the inquiry of whether an insurer breaches the duty of good faith is solely a question of fact for the jury, which makes this Court's resolution of issue as a matter of law inappropriate. This is a misstatement of the law. In *Giles*, the Texas Supreme Court treated the bad-faith inquiry as a question of fact for the jury to decide. *See Giles*, 950 S.W.2d at 56. But this does not imply that the question of whether an insurer acted with bad faith throughout the claims-handling process must always be decided by a jury. *Cf. Kim v. Nationwide Mut. Ins. Co.*, No. 3:21-CV-0345, 2022 WL 2670393, at *12 (N.D. Tex. July 11, 2022) (Fitzwater, J.) (establishing that summary judgment can be granted in favor of an insurer on the issue of bad faith.) This Court can decide bad-faith questions at the summary-judgment stage when a plaintiff fails to produce sufficient evidence of an insurer's alleged bad faith to require that the issue be tried. *See, e.g.*, *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting, Ltd.*, 729 F. Supp. 2d 814, 840 (N.D. Tex. 2010) (Fitzwater, C.J.). Accordingly, Plaintiff's argument on this point fails.

Next, in an effort to categorize this incident as something

beyond a bona-fide dispute between the parties' experts, Plaintiff argues that SFL's reliance on its expert, Eric Moody, and his opinion is misplaced because Moody's opinion is "suspect and self-serving" and an attempt to "manufacture a 'bona fide dispute.'" Plaintiff is correct that reliance on an expert's report alone will not necessarily shield an insurer from liability as to a bad-faith claim if there is evidence that the report was not objectively prepared or that the insurer's reliance on the report was unreasonable. See *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). But a perfunctory, conclusory statement that Moody's opinion is self-serving, and that a layman would know it to be so, falls far short of "direct or circumstantial evidence that the carrier's expert's opinion was questionable." *Thompson*, 664 F.3d at 67 (citation omitted). Plaintiff fails to provide any evidence of the unreasonableness of Moody's report other than its disagreement with Plaintiff's experts as to the cause of the damage to the roof. This argument therefore fails.

As a final thrust, Plaintiff contends that the photographic evidence provided by her expert, Michael Ogden, "clearly shows wind damage" to the roof, which would impute bad faith upon SFL for not paying coverable damages under the Policy despite SFL's liability's being reasonably clear at the time of the claim's

denial. But Plaintiff attempts to inject clarity into Ogden's testimony when none is present. In reviewing the photographs that Plaintiff references, Ogden testified, "on the top, there's a raised fastener and a raised area of the valley flashing that has been lifted up. It's either from, in my opinion, wind or large hail striking it at an angle and pushing it up." (Doc. 47, at 351). Later, after being asked about how he deduced the fasteners on the roof suffered storm damage, he reiterated, "It's lifted. And that would either be caused by wind or hail impacting it from the side coming down and causing it to lift up." (*Id.*, at 352). Simply put, Ogden never conclusively stated that there was clearly wind damage to the roof that would have triggered SFL's obligation to cover the damage under the Policy. Instead, Ogden's uncertainty as to the cause of the damage to Plaintiff's roof furthers the categorization of this event as a bona-fide dispute between the parties' experts. Accordingly, Plaintiff's bad-faith claims fail as a matter of law.

## II. The misrepresentation claim

Second, SFL argues that, as to Plaintiff's common-law fraud claim based on misrepresentation, it is entitled to summary judgment because Plaintiff has failed to identify a specific pre-loss misrepresentation that she relied on in purchasing the Policy.

SFL is correct. Under Texas law, an essential element of a fraud claim is proof that a plaintiff relied on a particular representation of a defendant and suffered an injury as a result. *See Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011). In the context of an insurance-coverage dispute under a policy, a plaintiff generally cannot rely on post-loss misrepresentations made by the insurer to form the basis of a common-law fraud claim because those misrepresentations would not have induced that plaintiff to purchase the policy. *See Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 496 F. Supp. 3d 1029, 1036 (W.D. Tex. 2020) (citing *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-CV-2839, 2014 WL 6991277, at *3 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.)).

Plaintiff fails to respond to SFL's contention that her common-law fraud claim lacks merit, which constitutes abandonment and that alone is a sufficient basis to award SFL summary judgment on the matter. *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-0418, 2019 WL 2770160, at *2 (N.D. Tex., July 2, 2019) (Lindsay, J.) (stating that "[w]hen a plaintiff fails to defend a claim in response to a . . . summary judgment motion, the claim is deemed abandoned.") Even if Plaintiff did not abandon her claim, it still fails as a matter of law because the complained-of

misrepresentation pertains to SFL's "patently incorrect" assessment of the scope of damages to her property, not the details of the Policy itself that would have induced her into purchasing it. Indeed, the alleged misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. *One Way Invs., Inc.*, 2014 WL 6991277, at *4 (citation omitted). Therefore, Plaintiff's common-law fraud claim based on misrepresentation fails.

### III. The claim for exemplary damages

Third, SFL contends that Plaintiff's request for exemplary damages fails as a matter of law because she provides no evidence of SFL's knowing, intentional, or malicious conduct that would warrant such extreme measures. Plaintiff wholly fails to respond to SFL's argument on this point in her response, which again constitutes abandonment. *See Arias,* 2019 WL 2770160, at *2. In addition, Plaintiff's only basis for making the request for exemplary damages lies in her misrepresentation claim for SFL's alleged "knowingly fraudulent and malicious representations." (Doc. 9, at 13). Seeing that Plaintiff's misrepresentation claim has no basis in the law, neither does her claim for exemplary damages. Accordingly, this claim fails.

### IV.  The prompt-payment claims

Fourth, SFL asserts that it is entitled to summary judgment as to Plaintiff's prompt-payment claims under Sections 542.055 and 542.056 of the Texas Insurance Code[2] because she supplies no evidence to support them and abandoned them by not responding to SFL's contesting of the issue. SFL correctly notes that Plaintiff abandoned these claims in her response, which alone warrants summary judgment in SFL's favor. Also, the evidence here shows that SFL complied with the relevant timelines under Sections 542.055 and 542.056 by investigating Plaintiff's claim and notifying Plaintiff of its ultimate decision on her claim in a timely manner. *See* doc. 47, at 84–87, 100. Thus, SFL is entitled to summary judgment as to Plaintiff's prompt-payment claims, which fail as a matter of law.

### V.  SFL's affirmative defense of excessive demand

Finally, SFL argues that the Court should decide its affirmative defense of excessive demand as a matter of law because Plaintiff's two demands requested amounts that were in excess of what she would be legally entitled to recover if all of her allegations were proven as true. The Court concludes that SFL fails to meet its burden to prove that Plaintiff's demands were excessive

---

[2] Again, SFL does not, however, move for summary judgment as to Plaintiff's prompt-payment claim under Section 542.058 of the Texas Insurance Code. See doc. 46, at 19; see also doc. 64, at 10.

as a matter of law. Under Texas law, a creditor who makes an excessive demand upon a debtor is not entitled to attorneys' fees for subsequent litigation. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981). An excessive demand is one that is manifestly unreasonable or made in bad faith. *Id.* While bad faith is normally a prerequisite to a court's concluding that a demand was excessive, a good-faith demand can also be excessive if it demands amounts that exceed what a litigant would be entitled to recover. *See, e.g.*, *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied).

SFL contends that Plaintiff's two demands were excessive as a matter of law because Plaintiff's public adjustor, Britt Elliott, included a surcharge adjustor fee on top of the putative total settlement amount, which is not in accordance with Section 4102.104(a) of the Texas Insurance Code. SFL fails to prove that no reasonable trier of fact could find that Plaintiff's demands were not excessive. Importantly, none of the authorities that SFL cites in its motion or reply support the argument that a Plaintiff cannot demand recompense for a public adjustor's statutorily authorized commission. Instead, SFL's supporting authorities generally indicate that the Court is authorized to decide the affirmative defense of excessive demand as a matter of law when a

plaintiff demands amounts that it is not entitled to if its claims are proven. See, e.g., *McAlister v. Hatbreeze Props., L.L.C.*, No. 2-11-0060-CV, 2012 WL 579436, at *8 (Tex. App.—Fort Worth Feb. 23, 2012, no pet.). The Court is also not persuaded by SFL's analysis of section 4102.104(a), as it does not specifically address whether a litigant is authorized to make a demand based on an adjuster's commission. Therefore, SFL fails to meet its burden to prove its defense of excessive demand.

## CONCLUSION

For these reasons, SFL's motion for partial summary judgment is **GRANTED in part and DENIED in part**. SFL's requests for summary judgment as to (1) the bad-faith claims, (2) the misrepresentation claim, (3) the claim for exemplary damages, (4) the prompt-payment claims under Sections 542.055 and 542.056 of the Texas Insurance Code are **GRANTED**. Except for Plaintiff's breach-of-contract and section 542.058 claims, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. SFL's request for summary judgment as to its affirmative defense of excessive demand is **DENIED**.

SIGNED February 7, 2023.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE